THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK GOSS, Defendant-Appellant.

Third District    No. 78-174

Opinion filed July 11, 1979.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert J. Renkes, State's Attorney, of Morrison (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant Jack Goss appeals from the sentence of the circuit court, following a jury trial in which Goss was found guilty of theft of property having a value in excess of $150. The trial court sentenced Goss to a term of imprisonment of from 3 to 9 years.

The theft occurred in November 1977, but the sentencing hearing was not held until after February 1, 1978, the date on which the new sentencing provisions of the Criminal Code became effective. Accordingly, the defendant was permitted to elect whether he wished to be sentenced under the old law as to sentencing in effect at the time of the commission of the offense or the new law in effect at the time of sentencing. The defendant elected to be sentenced under the old sentencing provisions. On appeal, the defense raises one issue: whether

the defendant was denied equal protection and due process because the trial court failed to inform him, prior to his making the election, what the specific sentence imposed by the court would be under each act. This same issue has been raised recently in several other cases in this Court. *People v. Peoples* (1979), 71 Ill. App. 3d 842; *People v. Wilfong* (1979), 72 Ill. App. 3d 268.

In the instant case, the record reveals that the trial court informed the defendant of his right to make an election. In addition, the trial judge discussed the differences between the two sentencing schemes as they affected the defendant's situation. The defendant had prior convictions for theft, possession of a controlled substance, and was on parole at the time of the present offense. The judge stated the ranges of potential sentences under each sentencing scheme. The judge also informed the defendant of parole and mandatory release periods pertaining to each sentencing act. After being so informed and admonished by the trial court, the defendant elected to be sentenced under the provisions of the old act.

The argument put forth by the defense, in urging that the election offered violates equal protection and due process guarantees, is identical to that raised in *Peoples* and *Wilfong*, above referred to. Accordingly, those cases answer the issues raised by the defendant in this case. In *Peoples* and *Wilfong* we decided that the due process and equal protection contentions of the defense were without merit and that there was no error in proceeding in the manner as the trial court did in the instant case, with respect to the election of sentencing schemes. (*People v. Peoples* (1979), 71 Ill. App. 3d 842; *People v. Wilfong* (1979), 72 Ill. App. 3d 268.) Following the reasoning of those cases, the judgment of the Circuit Court of Whiteside County in the instant case is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.